**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

JAMES W. SMITH, Jr., on his own behalf
and on behalf of those similarly situated,

     Plaintiff,

                                      Case No. 12-CV-02669 (SRN/TNL)

v.

QUESTAR CAPITAL CORPORATION,
YORKTOWN FINANCIAL COMPANIES,
INC. and ALLIANZ LIFE INSURANCE
COMPANIES OF NORTH AMERICA,

     Defendants.

_____/

**Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings**

This matter came before the Court on the motion for the preliminary approval of a proposed Settlement ("the Motion"), the terms of which are set forth in the Stipulation of Settlement, including the exhibits thereto (the "Settlement Agreement"), which was filed with the Motion.  The Court has reviewed and considered the proposed Settlement, the *Motion for Preliminary Approval of Proposed Class Action Settlement and Related Orders*, filed by Plaintiff, the separate request by Defendants for entry of this *Order (1) Preliminarily Approving Class Action Settlement, (2) Directing Distribution of the Class Action Settlement Notice, (3) Setting a Final Approval Hearing, and (4) Preliminarily Enjoining Parallel Proceedings* (hereafter, "Preliminary Approval Order"), the points and authorities and supporting declarations and exhibits submitted by Plaintiff in support of preliminary settlement approval, and the record in this action.  The Court has also heard and considered the oral arguments of Plaintiff and Defendants at the hearing on preliminary settlement approval.

The Settlement Agreement, a true and correct copy of which is attached as Exhibit 1 to the Declaration of Daniel E. Gustafson in support of preliminary approval of the proposed Settlement, is incorporated by reference and hereby made a part of this Preliminary Approval Order.  The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given

to them in the Settlement Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

This Court hereby finds and concludes as follows:

**1.     The Action and Underlying Allegations**

The Action was commenced by the filing of a Complaint against the Defendants on October 18, 2012 [Docket No. 1].  On August 2, 2013, the Court granted in part and denied in part the Defendants' motion to dismiss [Docket No. 41].  A First Amended Complaint was filed on September 3, 2013 [Docket No. 42] ("the Amended Complaint").  On June 6, 2014, the Court granted in part and denied in part the Defendants' motion to dismiss the Amended Complaint [Docket No. 60].  The Defendants filed an Answer to the Amended Complaint on June 20, 2014 [Docket No. 62].

Through the Amended Complaint, James W. Smith, Jr., on his own behalf and on behalf of those similarly situated, seeks monetary damages in connection with his investment in a $50,000 note issued in a private placement by DBSI 2008 Notes Corporation and the purchases of other Securities by Settlement Class Members.  The Amended Complaint alleges that Questar was one of many broker-dealers that offered and sold notes and other Securities issued by DBSI. The Amended Complaint also asserts claims against Yorktown Financial

Companies, Inc., and Allianz Life Insurance Company of North America, as alleged control persons of Questar.

The legal theories of the claims alleged in the Amended Complaint include several different alleged violations of the Minnesota Securities Act, negligent misrepresentation, and breach of contract. The Amended Complaint seeks the certification of a class of all persons and entities to whom Questar offered, distributed, and sold Securities from October 16, 2006 to October 18, 2012 (not limited to purchasers of the 2008 Notes purchased by Smith).

Diversified Business Services & Investments, Inc., and various of its subsidiaries or affiliates (known as "DBSI"), issued or guaranteed the Securities, and have filed for bankruptcy. As part of the bankruptcy proceedings, the bankruptcy court appointed a Trustee who conducted an extensive investigation of DBSI. The Trustee issued a preliminary report and a final report which documented his investigation and findings. The Trustee's investigation included work by professional investigators and other experts, the subpoena and examination of records of many third parties, and over sixty interviews of officers and employees of DBSI, governmental officials and other third parties. In addition to analyzing the Trustee's work product, Class Counsel conducted an independent investigation of the facts underlying the claims alleged in the

Amended Complaint and reviewed documents and data provided by the Defendants.

To reach this Settlement, the Parties engaged in arm's-length settlement discussions, including a mediation session led by Arthur Boylan, Sr., a professional mediator and retired United States Magistrate Judge.

**2.     The Background of the Settlement**

Following are the statements of position of the Named Plaintiff and the Defendants.  The Named Plaintiff does not agree with or endorse the statement of position of the Defendants, and the Defendants do not agree with or endorse the statement of position of the Named Plaintiff.

**1.     Named Plaintiff's Position**

(a)     This class action arises as a result of Defendant broker/dealer Questar Capital Corporation's ("Questar") failure to perform adequate due diligence on a private placement offering of Securities issued by Diversified Business Services & Investments, Inc. ("DBSI").  Questar ignored warnings from due diligence advisors about the grave dangers posed by selling the DBSI-issued securities. These Securities consisted of nothing more than funding for a criminal Ponzi scheme.

(b)     Questar offered and sold several million dollars' worth of DBSI Securities to unsuspecting investors starting in or about October 16, 2006.

Questar distributed, offered, and sold DBSI Securities even though the offering materials were misleading and omitted information that was required to be disclosed pursuant to the rules and regulations of the Financial Industry Regulatory Authority ("FINRA"), and also specifically the duties and obligations set forth by Questar through its account agreement so as not to mislead the Named Plaintiff and the members of the putative class.  As a result of its acts and omissions, Questar violated its duty of care to execute all instructions expressly given it by its customers and a duty to avoid fraudulent conduct.  Additionally, Questar violated its duty to conduct due diligence, a special agreement Questar expressly entered into with the Named Plaintiff and the members if the putative class in the Questar New Account Agreement with its customers. Questar ignored the warning signs a reasonable broker would have heeded, or failed to avoid fraudulent conduct and exercise adequate due diligence, which would have shown that DBSI's accounting records and practices reflected the existence of a Ponzi scheme.  Questar's acts and omissions violated the Minnesota Securities Act and Minnesota common law.

(c)    DBSI is an Idaho corporation with its principal place of business in Idaho.  Through various wholly owned operating subsidiaries and Special Purpose Corporations ("SPCs"), DBSI purported to finance the purchase of various real estate ventures. In reality, DBSI used the SPCs to defraud

investors like Smith and putative class members. DBSI used the operating subsidiaries to monitor, administer, and service the receivables financings. DBSI was not registered with the Securities and Exchange Commission ("S.E.C.") in any capacity.

(d)     Questar, as a broker/dealer, had a duty, pursuant to securities industry rules and regulations, such as FINRA Notice to Members 03-71, to Smith and the members of the putative class to conduct reasonable due diligence in the investments it recommended to clients. Additionally, Questar had a duty, born out of its special agreement with the Named Plaintiff and the members of the putative class, to perform independent in depth due diligence on the DBSI notes.  Such reasonable due diligence would have uncovered DBSI for the Ponzi scheme it was.

(e)     Notwithstanding the foregoing, the Plaintiffs consider it desirable for the Action to be settled and dismissed, because the Settlement will: (i) provide substantial benefits to the Settlement Class Members; (ii) finally put to rest Plaintiffs' claims and the underlying matters; and (iii) avoid the substantial expense, burdens, and uncertainties associated with discovery, a contested class certification process, summary judgment motions, expert witnesses, and possible trial and a potential finding of no liability against the Defendants on the claims alleged in the Action.

## 2.      Defendants' Position

(a)      The Defendants expressly deny any and all wrongdoing alleged in the Action, including the Complaint, the Amended Complaint, all amendments thereto, and all other contentions and allegations made, recognized, explicitly or implicitly, or pursued during the course of the litigation, and do not admit or concede any claimed, actual or potential fault, wrongdoing or liability in connection with any facts or claims which have been or could have been alleged against them in the Action.

(b)      The Defendants contend that the Plaintiffs' claims are not cognizable and otherwise are improper as a matter of law, and that the Plaintiffs would suffer failures of proof of fact and of law that would be fatal to their claims if the claims alleged in this Action were challenged by a motion for summary judgment after the completion of discovery or subsequently went to trial.

(c)      The Defendants contend that the sales materials used in connection with the solicitation, sale and issuance of the Securities were not false or misleading and that the Defendants completely fulfilled their obligations, if any, to the Settlement Class Members before and after the sale of the Securities.

(d)      The Defendants contend that the Settlement Class Members have not suffered any damage or loss as a result of the conduct of the Defendants.

(e)    The Defendants contend that this case is not proper to be certified as a contested class action for litigation purposes insofar as manageability, predominance, considerations of procedural due process and other factors would not permit compliance with the provisions and requirements of Federal Rule of Civil Procedure 23 for contested class certification.  However, the Defendants do believe, in light of *Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231 (1997) and otherwise, that such considerations do not apply to the certification of settlement classes, and that acceptable procedural safeguards have been incorporated into the Settlement Agreement to permit the certification of a class in this Action for settlement purposes only.

(f)    Notwithstanding the forgoing, the Defendants consider it desirable for the Action to be settled and dismissed, because the Settlement will: (i) provide substantial benefits to the Settlement Class Members; (ii) confer benefits on the Defendants, including the avoidance of further expense and disruption of the management and operation of the Defendants' respective businesses due to the pendency and defense of the Action; (iii) finally put to rest Plaintiffs' claims and the underlying matters; and (iv) avoid the substantial expense, burdens, and uncertainties associated with discovery, a contested class certification process, summary judgment motions, expert witnesses, and possible

trial and a potential finding of liability and damages against the Defendants on the claims alleged in the Action.

**Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:**

**1.     Preliminary Approval of Proposed Class Settlement.** Plaintiffs' motion for preliminary approval of the Settlement is GRANTED, and the Court hereby preliminarily approves the Settlement Agreement.  The proposed Settlement, as set forth in the Settlement Agreement, should be and is preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval.  The Court specifically finds that:

(a)     There is no evidence of collusion.  The proposed Settlement, as set forth in the Settlement Agreement, resulted from arm's-length negotiation.  There was vigorous motion practice.  The Defendants successfully challenged the sufficiency of the allegations of the Complaint by motion, but a portion of the Amended Complaint survived a second motion to dismiss.  To reach this Settlement, the Parties engaged in arm's-length settlement discussions, including a mediation session led by Arthur Boylan, Sr., a professional mediator and retired United States Magistrate Judge.

(b)     The proposed Settlement, as set forth in the Settlement Agreement, is sufficient to warrant dissemination of notice thereof to the Settlement Class Members and to conduct a fairness hearing thereon.  The proposed Settlement

provides for substantial cash payments to the Settlement Class Members, does not include any coupon relief, and includes a *cy pres* provision only for the disposition of unclaimed funds after appropriate investigation of unclaimed benefits, without any reversion to the Defendants.  The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, the risk that Plaintiffs would receive less than the settlement relief or take nothing at trial, and the risk of a reversal of any judgment based on a review of the Court's prior orders.  The amount offered by the proposed Settlement falls within the range of possible final approval in terms of these factors.

(c)     The Settlement Class is and was at all times adequately represented by the Named Plaintiff and Class Counsel.  Class Counsel submit that they have fully and competently alleged all causes of action, claims, theories of liability, and remedies reasonably available to the Settlement Class Members.  Further, both Class Counsel and Defendants' Counsel are highly experienced trial lawyers with specialized knowledge in securities and litigation generally.  Class Counsel and Defendants' Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel

submit that the proposed Settlement is fair and reasonable for the Settlement Class Members.

(d)     Defendants deny all allegations of wrongdoing and disclaim any liability with respect to any and all claims alleged by the Named Plaintiff and the Settlement Class, including their claims regarding the propriety of class certification, but agree that the proposed Settlement will provide substantial benefits to the Settlement Class Members.  Defendants consider it desirable to resolve the Action to finally put to rest the claims of the Named Plaintiff and the claims of the Settlement Class Members  and avoid, among other things, the risks of continued litigation, the expenditure of time and resources necessary to proceed through trial and any subsequent appeals, and further interference with ongoing business operations.

**2.     Settlement Class.**

The Settlement Class, as defined in the Settlement Agreement, is provisionally certified for settlement purposes only.  Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and applicable law concerning settlement classes, the Court finds that:

(a)     The proposed Settlement Class contains over 120 purchasers of Securities, and satisfies the requirement that a class be sufficiently numerous such that the individual joinder of all members is impractical:

(b)     The Named Plaintiff's claims present legal and factual issues that are common to all members of the proposed Settlement Class because they are based on a common set of alleged material misrepresentations and omissions designed to further the alleged wrongful conduct;

(c)     The typicality requirement of Rule 23(a)(3) is satisfied because the Named Plaintiff and members of the proposed Settlement Class assert the same claims, all arising from the same alleged overarching fraudulent scheme;

(d)     The Named Plaintiff has fairly and adequately protected the interests of the Settlement Class Members; and

(e)     The questions of law and fact presented by the Named Plaintiff's claims are common to the members of the proposed Settlement Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**3.     Class Counsel.**

The Court appoints Gustafson Gluek PLLC and Scarlett & Hirsch, PA as Class Counsel for the Settlement Class.  Class Counsel have provided adequate representation as counsel in this Action and are adequate based upon their experience in other cases to provide adequate representation to the Settlement

Class.  For settlement purposes only, the Court also appoints James W. Smith Jr. as the class representative for the Settlement Class.

**4.      Final Approval Hearing.**

The Final Approval Hearing will be held on **Friday, September 11, 2015 at 9:30 am**, in Courtroom 7B of the United States District Court, Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert Street,  St. Paul, Minnesota, before the undersigned (or on such continued date(s) or time(s) as the Court may hereafter direct).

If the Final Approval Hearing is continued by the Court, the Parties shall promptly serve written notice on any Settlement Class Member (or their attorney, if applicable) who has submitted a timely and valid objection to the proposed Settlement and notice of appearance at the Final Approval Hearing of the continued date and time for the Final Approval Hearing.  Otherwise, the Court may continue the Final Approval Hearing without notice to the Settlement Class Members, except that any notice of such continuation shall be posted on the Settlement website.  Continuance of the Final Approval Hearing shall not extend or alter any deadline for any objection, notice of appearance, or other action by any Settlement Class Member (or their attorney if applicable), pursuant to the Settlement Agreement and this Preliminary Approval Order, but all deadlines for the Parties to file papers in support of final approval of the proposed Settlement

(including response(s) to objections), or for Class Counsel to file papers in support of an application for an award of attorneys' fees, costs and litigation expenses for Class Counsel and the fees and expenses of the Settlement Administrator shall be based on the continued Final Approval Hearing date.

At the Final Approval Hearing, the Court will consider all matters set forth in the Settlement Agreement, including:  (a) whether the proposed Settlement of the action should be finally approved as fair, reasonable and adequate, on the terms set forth in the Settlement Agreement; (b) whether judgment should be entered and the action should be dismissed with prejudice, pursuant to the terms of the Settlement Agreement; (c) the sufficiency of the notices to the Settlement Class of the proposed settlement, the certification of the Settlement Class, and the rights of the members of the Settlement Class; (d) the adequacy of Class Counsel's and the Named Plaintiff's representation of the Class; (e) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (f) whether Settlement Class Members should be subject to a permanent injunction as set forth in the Settlement Agreement; (g) an application by Class Counsel for an award of Class Counsel's attorneys' fees and reimbursement of costs and litigation expenses, and the fees and expenses of a Settlement Administrator, to be paid from the common fund created by the Defendants' Settlement Payment, and any other related matters.

Class Counsel shall file and serve their motion for final approval of the Settlement Agreement on or before the date twenty-four (24) days prior to the Final Approval Hearing.

Defendants' submissions in support of final approval of the Settlement Agreement shall be filed with the Court at least fourteen (14) days prior to the Final Approval Hearing.

**5.    Settlement Administrator**

Class Counsel is authorized to retain the Settlement Administrator to assist in the implementation of the Settlement, and the Settlement Administrator and Class Counsel are authorized to take the steps necessary to implement the settlement tasks that the Settlement Agreement requires to occur prior to the Final Approval Hearing for which they are respectively responsible, including but not limited to establishing post office boxes, a toll-free telephone number, a web site and related infrastructure for the receipt and processing of exclusion requests, objections and Settlement Class Member inquiries.

A.B. Data ("Settlement Administrator"), is hereby appointed as the Settlement Administrator for the performance of the tasks provided in the Settlement Agreement to be performed by the Settlement Administrator.  Class Counsel shall contract with the Settlement Administrator for the performance of the tasks required of the Settlement Administrator by the Settlement Agreement,

and shall pay the reasonable fees, costs and expenses of the Settlement Administrator with respect to the implementation and administration of the Settlement from the Settlement Fund.

**6.      Notice of Settlement and of Right to Object/Appear.**

The Court hereby approves the proposed form and contents of the Settlement Class Notice set forth in the Settlement Agreement and Exhibits 1-6 thereto, to be mailed in the manner set forth in the Settlement Agreement (including pre-mailing address verifications and the re-mailing of undeliverable notices), no later than forty-five (45) days after the Court's entry of the Preliminary Approval Order.  Settlement Notice shall be provided in accordance with this Preliminary Approval Order and the Agreement.

As further described below and in the Settlement Agreement, the Settlement Class Members shall be given notice of the right to object to the proposed Settlement (on their own or through counsel of their own selection at their own expense), the right to attend the Final Approval Hearing, and the right to request leave of Court to appear and speak at the Final Approval Hearing in support of a timely and properly submitted objection (on their own behalf or though counsel of their own selection at their own expense). The deadline for the exercise of such rights shall be forty-five (45) days after the date of mailing of the Settlement Class Notice.

In order to facilitate printing and dissemination of the Settlement Class Notice, the Settlement Administrator and Parties may change the format, but not the content, of the Settlement Class Notice, without further Court order, so long as the 14-point font size and legibility are not adversely impacted.   The Settlement Administrator and Parties may also, without further Court order, insert the information specified in the blank places provided in the Settlement Class Notice.

The Court finds that the manner of providing notice of the proposed Settlement to the Settlement Class Members, as set forth in this Preliminary Approval Order, the Settlement Agreement, and the Settlement Class Notice, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of their rights regarding the proposed settlement should it become final, including their rights to exclude themselves from the Settlement, to object to the proposed settlement and to request to appear at the Final Approval Hearing concerning the proposed Settlement, all as set forth in the Settlement Agreement, is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of Federal Rule of Civil Procedure, the United States Constitution and its Amendments.  The Court also finds that the provisions of the Settlement Agreement for updating the Settlement Class notice mailing information, researching alternate mailing data, re-mailing any returned notices, and receiving

and responding to Settlement Class Member inquiries (including the support services to be provided by the Settlement Administrator and Class Counsel), constitute the best practicable methodology for maximizing the efficacy of the Settlement Class Notice, and such provisions are confirmed and made part of this Preliminary Approval Order.

The Court further finds that the Settlement Class Notice, and the mailing thereof, as provided in this Preliminary Approval Order and the Settlement Agreement, shall be the only notice to the Settlement Class Members of the proposed Settlement required, and constitutes due and sufficient notice, including of the following: (a) the proposed Settlement Agreement, (b) the Final Approval Hearing, (c) Settlement Class Members' rights with respect to the proposed Settlement (including their rights to exclude themselves from the Settlement, to object or to appear, including through counsel of their own selection at their own expense), (d) that the Release will be binding on the Settlement Class Members if the proposed Settlement is finally approved and becomes final, (e) that any judgment, whether favorable or unfavorable, will include and be binding upon all Settlement Class Members, (f) Class Counsel's application for an award of Class Counsel's attorneys' fees and reimbursement of costs and litigation expenses, including the fees and expenses of a Settlement Administrator, to be paid from the common fund created by the Defendants' Settlement Payment, and (g) the other

matters set forth in the Settlement Agreement.  The Court further finds that the Settlement Class Notice and the manner of mailing the Settlement Class Notice as provided for in the Settlement Agreement and this Preliminary Approval Order fully satisfy the requirements of due process, the United States and applicable State Constitutions, the Federal Rules of Civil Procedure, and all other applicable provisions of law.

**6.     Proof of Mailing of Settlement Notice.**

By the time of filing of the motion for final approval and the Settlement, the Settlement Administrator or the Plaintiff shall file proof, by affidavit or declaration, of the mailing of the Settlement Class Notice in the form and manner provided in the Settlement Agreement and in this Preliminary Approval Order.

**7.     Class Action Fairness Act Notices**

The Court has evaluated the Class Action Fairness Act settlement notices ("CAFA Notices") for each of the Defendants attached to the Agreement as Exhibit 6.  The Court finds that the form, content and manner of service of the notices for each of the Defendants required by 28 U.S.C. § 1715 complies with applicable law, including specifically the requirements of 28 U.S.C. § 1715.  The Court further finds that the "appropriate Federal official" with respect to the CAFA Notices with respect to each of the Defendants is the Attorney General of the United States, and that the "appropriate State official" with respect to the

CAFA Notices with respect to Questar Capital Corporation is the regulator of securities broker-dealers or comparable official of each State, with respect to Yorktown Financial Companies, Inc. is the Attorney General of each State, and with respect to Allianz Life Insurance Company of North America is the insurance commissioner or comparable official of each State. Within thirty (30) days after the entry of this Preliminary Approval Order, Defendants shall file with the Court a Notice of Compliance with 28 U.S.C. § 1715.

**8.      Communications with Settlement Class Members.**

Defendants may not participate in or respond to inquiries from Settlement Class Members to Class Counsel regarding the proposed Settlement, and shall not initiate communications with Settlement Class Members on matters specifically related to the Action or the proposed Settlement. If Defendants receive any inquiry from a Settlement Class Member relating to the proposed Settlement or the rights of the person inquiring under the Settlement Agreement, Defendants shall not respond to the inquiry but shall refer the inquiring party either to the Settlement Administrator or to Class Counsel, as agreed upon by the Parties. However, Defendants may communicate with their customers concerning issues not encompassed by the administration of the Settlement, and with the agents and employees of Defendants and their auditors, rating agencies, insurance

commissioners, regulators or similar reporting organizations or governmental entities regarding the impact and/or administration of the proposed Settlement.

**9.      Objections and Appearances.**

**(a)      Written Objections.**

Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement, in any respect, including the application of Class Counsel for an award of Class Counsel attorneys' fees, costs and expenses, must file with the Court and mail to Class Counsel and to Defendants' Counsel a written statement of objection.  Any such objection must be filed with the Court no later than forty-five (45) days after the date of mailing of the Settlement Class Notice and also must be mailed to Counsel for the Parties, properly addressed and postmarked no later than forty-five (45) days after the date of mailing of the Settlement Class Notices.  The addresses for counsel for the Parties are as follows:

Class Counsel

> Daniel E. Gustafson
> Gustafson Gluek PLLC
> 120 South Sixth Street, Suite 2600
> Minneapolis, Minnesota   55402
>
> and
>
> Scott D. Hirsch
> Scarlett & Hirsch, PA
> 7777 Glade Road, Suite 200

Boca Raton, Florida   33434

Defendants' Counsel

James F. Jorden
Carlton Fields Jorden Burt PA
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C.  20007-5208
Telephone:  202/965-8100

To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Action (*Smith v. Questar*, Case No. 12-CV-02669 (SRN/TNL)), and must contain the following information:   (i) the objector's name, address, and telephone number; (ii) a description of the Security/Securities which the objector purchased; (iii) the name, address, and telephone number of any attorney for the objector with respect to the objection (if any); (iv) the factual basis and legal grounds for the objection; and (v) the identification of any witnesses and documentary evidence which the objector proposes to submit at the Final Approval Hearing in support of the objector's objection.   Copies of any written evidence to be submitted in support of the objection must be mailed with the objection.

If a Settlement Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and such attorney wishes to appear at the Final Approval Hearing that attorney must, in addition to satisfying

the foregoing requirements for timely and valid objections, also (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than forty-five (45) days after the mailing of the Settlement Class Notice Package, and (2) mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Class Counsel and to Defendants' Counsel, postmarked no later than forty-five (45) days after the mailing of the Settlement Class Notice.

### (b)   Appearance at the Final Approval Hearing.

Settlement Class Members do not need to appear at the Final Approval Hearing in support of any objection.   A timely and validly submitted objection will be considered by the Court at the Final Approval Hearing, without the necessity of any appearance by the objector.   Notwithstanding, any Settlement Class Member who timely and validly files and serves a written objection, as described *supra*, may upon request and with the Court's permission appear and speak at the Final Approval Hearing in support of said objection, either in person or through a personal attorney hired at the Settlement Class Member's own expense, provided that a notice of the intention to appear in support of the objection (and in the case of an attorney, an entry of appearance) is filed with the court no later than forty-five (45) days after the date of mailing of the Settlement

Class Notice.  Copies of said entry of appearance and notice of intention to appear must be mailed to Class Counsel and to Defendants' Counsel, properly addressed and postmarked no later than forty-five (45) days after the date of mailing of the Settlement Class Notice.

A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters and evidence which were set forth in the timely and validly submitted written objection filed by such Settlement Class Member.  All objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

**(c)    Waiver for Non-Compliance.**

Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs of this Order shall waive and forfeit any and all rights he or she may have to object, appear, or speak, shall be barred from appearing and speaking at the Final Approval Hearing, and shall be bound by all terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action.

**(d)    The Parties' Response(s) to Objections**.

If either Class Counsel or Defendants' Counsel receive an objection to the proposed settlement and/or notice of intention to appear from or on behalf of any

Settlement Class Member, they shall promptly provide copies of such objection and/or notice of intention to appear to counsel for the other Party.  For the Court's and Parties' convenience, Class Counsel or Defendants' Counsel shall include as exhibits to their submissions at the time of filing of the motion for final settlement approval copies of all objections, entries of appearance, and notices of intention to appear and participate at the Final Approval Hearing received (timely and validly submitted or otherwise).  The Parties shall file and serve on each other any written response(s) to timely written objections no later than twenty-one (21) days prior to the Final Approval Hearing, and to any untimely objections or timely objections received thereafter, as soon as practicable in advance of the Final Approval Hearing.  At the time of filing any such response, the Parties shall serve on each Settlement Class Member (and their attorney if applicable) who has timely and validly submitted an objection and a notice of appearance, a copy of any written response(s) addressing that objector's objection.

**10.    Requests for Exclusion**

Addressees of the Class Settlement Notice may exclude themselves from the Settlement by submitting a written request for exclusion as provided for in the Settlement Agreement and the Settlement Class Notice, postmarked no later than sixty (60) days after the mailing date of the Settlement Class Notice, with a copy to Class Counsel and Defendants' Counsel.  All addressees of the Settlement

Class Notice who do not properly exclude themselves from the Settlement shall be bound by the Release, the Settlement's injunction and all subsequent orders of the Court in the Action.

**11.    Preliminary Injunction.**

Pursuant to Federal Rule of Civil Procedure 65, this Court finds that:

(a)    Likelihood of success on the merits:  The Named Plaintiff is likely to succeed on the merits of a motion for final approval of the proposed Settlement, and with a request for a permanent injunction, given the benefits to be conferred on the Settlement Class by the proposed Settlement, the range of potential and probable outcomes should this Action proceed to trial and the other facts and factors set forth in this Order.

(b)    Irreparable harm:  There is a public policy which favors the settlement of disputes, and preserving the integrity of a negotiated settlement is important in promoting the private settlements of class action disputes.  The Parties likely would suffer irreparable harm in the absence of a preliminary injunction, should other lawsuits or arbitrations, by purchasers of Securities who fail properly to exclude themselves from the Settlement Class, proceed prior to the Final Approval Hearing.  The fact that the purchasers of Securities may avoid the impact of the injunction simply by exercising their right to exclude themselves from the proposed Settlement supports a finding of irreparable harm.

(c)     Balance of equities and hardship:  The balance of equities favors the entry of a preliminary injunction, in part because any purchaser of the Securities who wishes to avoid the impact of the injunction may do so simply by exercising his or her right to exclude themselves from the Settlement Class by following the procedure set forth in this Order and in the Settlement Class Notice.  With respect to purchasers of Securities who fail to exclude themselves from the Settlement Class, the injunction will serve to preserve the *status quo*.  Should the Court deny a motion for final approval of the proposed Settlement, the preliminary injunction will be vacated and the purchasers of the Securities essentially will be restored to their position prior to the entry of this Order, as set forth in the Settlement Agreement.

(d)     Public interest:  The entry of a preliminary injunction is in the public interest, based upon the findings above and the provisions of the Settlement Agreement.

Based upon the findings above and the other provisions of this Order, all Settlement Class Members who did not properly exclude themselves from the Settlement are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in, maintaining, individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in,

directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts and transactions alleged or pursued in the Action or released by the Settlement Agreement, in which the plaintiffs are seeking to pursue claims on behalf of a putative class of purchasers that partially overlaps the Settlement Class Members and Securities at issue in this Action; and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) asserting any claims released by the Settlement Agreement.   Nothing in this paragraph, however, shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members.   Defendants reserve the right to file motions or to take other actions to enforce the release provisions of the Settlement Agreement and of this injunction, as they may deem appropriate.

**12.    Termination of Settlement.**

If either party elects to terminate the Settlement Agreement, pursuant to the provisions of Section XII. of the Settlement Agreement, then this Preliminary Approval Order shall become null and void, and shall be without prejudice to the

rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

If the Settlement Agreement is terminated, (i) the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, except as provided in Section XII.E.; (ii) neither the Settlement Agreement nor the Court's orders regarding the proposed settlement or settlement approval or disapproval, including this Preliminary Approval Order, shall be used or referred to for any purpose whatsoever, except as provided in Section XII.E.; and (iii) this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability, or by or against the Named Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims it or they may have.

**13.    Use of Order.**

Whether or not the Settlement Agreement is terminated, this Preliminary Approval Order shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability, or by or against the Named Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate,

improper or unavailable, or as a waiver by any Party of any defenses or claims it or they may have, whether in this case or in any other lawsuit, arbitration, administrative or regulatory proceeding or examination, or in any other proceeding or action.

**14.    Continuing Jurisdiction.**

For the benefit of the Named Plaintiff, the Settlement Class Members and the Defendants, and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Action, the proposed Settlement, the approval of the Settlement, and the administration of the Settlement, to ensure the effectuation of the proposed Settlement (should it be finally approved and that approval become final) and this Preliminary Approval Order.  Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this Action including but not limited to the fairness of the proposed Settlement, any objections to the proposed Settlement, the method and manner under which settlement relief will be provided, the adequacy of representation of the Settlement Class by Class Counsel and/or the Named Plaintiff, the amount of Class Counsel attorneys' fees, costs and expenses and the fees and expenses of the Settlement Administrator, any claim by any party relating to the representation by Class Counsel of the Named Plaintiff or any Settlement Class Member in this Action, the enforcement of the Settlement's release provisions and the

Settlement's injunction restraining certain actions, and all other issues related to the proposed Settlement including any collateral challenges made regarding any matter related to this Action or the proposed Settlement or the conduct of any party or Class Counsel relating to this Action or the proposed Settlement.

**IT IS SO ORDERED.**

Dated:  April 30, 2015

s/Susan Richard Nelson
Honorable Susan Richard Nelson
United States District Judge